

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KEVIN D. MCGREW-BEY, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | No. 4:14-CV-352-A |
| § | |
| WILLIAM STEPHENS, Director,[1] § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION
## and
## ORDER

In this action, petitioner filed a request for declaratory judgment seeking relief from his 1993 state court conviction for aggravated robbery with a deadly weapon in Tarrant County, Texas,

---

[1] "Petitioner's Request for Declaratory Judgement" is construed as a petition for writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254, *infra* 1-2. In a habeas proceeding brought by a prisoner, generally there is only one proper respondent, the immediate physical custodian of the prisoner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Petitioner is currently confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) in Beaumont, Texas. William Stephens is the Director of TDCJ; thus, he is the proper respondent. The Court orders the clerk of Court to add "William Stephens, Director of the Texas Department of Criminal Justice, Correctional Institutions Division" as a party respondent and to docket and change the title of the action to "Kevin D. McGrew-Bey, Petitioner v. William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent."

Case No. 0467776A. Pet., ECF No. 1; TDCJ's Offender Information Detail, *available at* http://www.tdcj.state.tx.us/offender_information. After review and consideration of petitioner's request, the undersigned finds that it should be construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by petitioner, Kevin D. McGrew-Bey, a state prisoner incarcerated in TDCJ, against William Stephens, Director of TDCJ, respondent.[2] No service has issued upon respondent. Having examined the pleadings, court records, and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as successive.

---

[2] Where a state prisoner challenges the validity of a state court conviction on which he is confined, the claim is cognizable only as an action for a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody); *Waldon v. State of Iowa*, 323 F.2d 852, 853 (8th Cir. 1963) (providing a "state prisoner is not entitled to seek a declaratory determination from the federal courts under 28 U.S.C.A. § 2201 as to the validity of the judgment on which he is confined" in order to circumvent the exhaustion requirement of § 2254); *Sumpter v. Johnson*, No. 4:01-CV-157-E, 2001 WL 406229, at *1 (N.D.Tex. Apr. 18, 2001) (finding declaratory judgment act cannot be used as a substitute for habeas corpus). Thus, petitioner's request for declaratory judgment must be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

2

I. FACTUAL AND PROCEDURAL HISTORY

Petitioner has filed two prior federal petitions under § 2254 challenging the same conviction in this court. *McGrew v. Thaler*, Civil Action No. 4:10-CV-899-Y, 2010 WL 5452714 (N.D.Tex. Dec. 28, 2010) (petition dismissed as successive as to grounds one and two and dismissed as to ground three because claim not cognizable on habeas review); *McGrew v. Johnson*, Civil Action No. 4:00-CV-0103-Y (petition dismissed as barred by statute of limitations).[3] Petitioner brings this third petition based on alleged newly discovered evidence in the form of two written articles involving the trial judge's and his appointed counsel's actions during the revocation proceedings in the underlying state criminal case-specifically, the fact that the trial judge personally negotiated "plea deals" with defense counsel. Pet., Ex. A, ECF No. 1; Pet'r's Affidavit in Support, Ex. B, ECF No. 2. According to petitioner, he was not aware of this misconduct or the significance of the misconduct until October 2013 when his wife found the articles on the Internet. Pet. 2, ECF No. 1; Pet'r's Affidavit 2, ECF No. 2.

---

[3]The court takes judicial notice of the pleadings and court records filed in petitioner's two prior federal habeas actions and notes that petitioner indicated his name to be **"Kevin Deshawn McGrew"** in the prior petitions.

3

II. SUCCESSIVE PETITION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[4] The Court of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). From the face of the instant petition and court records, it is apparent

---

[4]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*.

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. *If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

4

that this is a successive petition. See 28 U.S.C. § 2244(b)(1).

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). Further, before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). Claims based on newly discovered evidence or a factual predicate not previously discoverable are successive. *Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009).

A district court has no jurisdiction to decide a second or successive claim on the merits without authority from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3). Petitioner has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to consider the petition.[5] *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

---

[5] Because the court lacks jurisdiction to consider the petition, the court makes no ruling on petitioner's "Application to Proceed In Forma Pauperis" and "Petitioner's Motion for Discovery and Evidentiary Hearing Pursuant to Federal Rules of Civil Procedure Rule 26." Mots., ECF Nos. 3 & 4.

5

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as successive.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated that the Fifth Circuit has authorized him to file a successive petition nor has he made a substantial showing of the denial of a constitutional right.

SIGNED May **20**, 2014.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE